

FILED

NOV 3 0 2017

RANDY CARNEY, CLERK
BY_____D.C.

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

JEFFREY EVANS and HEATHER EVANS                       PLAINTIFFS

V.                                                    CAUSE NO. 2017-00,235

NORTH LIGHT SPECIALTY INSURANCE COMPANY
ALLSTATE INSURANCE COMPANY,
WILBUR JORDAN, and JOHN DOES 1 THROUGH 9               DEFENDANTS

## COMPLAINT

COME NOW the Plaintiffs, Jeffrey Evans and Heather Evans, with this Complaint against North Light Specialty Insurance Company, Allstate Insurance Company, Wilbur Jordan, and John Does 1-9 and, in support thereof, would show the following:

### I. PARTIES

1.     Plaintiffs Jeffrey Evans, hereinafter referred to as Jeff, and Heather Evans, hereinafter referred to as Heather, collectively referred to as the Evans, are both adult resident citizens of Jackson County, Mississippi;

2.     Defendants are as follows:

a. Defendant, North Light Speciality Insurance Company, is a non-resident corporation organized and existing under the laws of the State of Illinois, who may be served with process in the time and manner as prescribed by law.

b. Defendant, Allstate Insurance Company, ("Allstate), is an insurance company doing business in Mississippi, which may be served through its agent for service of process, CT Corporation of Mississippi, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

c. Defendant, Wilbur Jordan ("Jordan"), is all adult resident citizen of Harrison County,



EXHIBIT A

Mississippi, and may be served as allowed by law.

d. Defendants designated as John Does 1 through 9 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to the Evans for the claims asserted herein. They are named pursuant to Miss. R. Civ. Pro. 9(h) and the Evans will amend their Complaint once the identities of the unknown Defendants are learned.

## II. JURISDICTION

3. Jurisdiction is conferred pursuant to Article VI § 156 of the Mississippi Constitution of 1890, State Common Law, and Miss. Code Ann. § 9-7-81.

4. This Court is the proper venue of the subject action pursuant to the provisions of Mississippi Code § 11-11-3.

## III. FACTS

5. On December 6, 2012, Jeffrey Evans began a policy of homeowner's insurance with the Defendant North Light Specialty Insurance Company for his home located at 3512 Jerry Davis Road, Moss Point, Jackson County, Mississippi.

6. The policy continued with premiums paid from year to year until a loss was incurred by Mr. Evans.

7. On May 11, 2015, the insured property experienced a loss due to a fire at the dwelling.

8. After the loss, the plaintiff made a claim against the Defendant for the policy limits

which led to an investigation which could not determine the cause of the fire but related the loss to a "possible electrical" cause.

9. During the course of the investigation of the loss, Jeffrey Evans made every reasonable effort to cooperate in the investigation and give the investigation access to any and all information he had, including submitting to an examination under oath on September 11, 2015.

10. Although Defendant's investigation should have been concluded within a reasonable time after the Examinations Under Oath, Defendants' delayed any decision, advising the plaintiff's that they were still investigating. The Plaintiffs have no knowledge of any "investigation" since the Examination Under Oath.

11. Plaintiffs awaited a decision from the Defendants, but one never came until they demanded an answer from the defendants by letter dated April 3, 2017. After that letter sent to the Defendants North Light and Allstate, Evans received a letter dated December 22, 2015, that was not received by him until after his letter of April 3, 2017.

## IV. CLAIMS

### BAD FAITH DENIAL OF OBLIGATIONS

12. Plaintiff realleges and incorporates herein by reference the averments contained in the paragraphs above.

13. The insurance policy between the plaintiff and defendants called for the payment in the event of a loss by the insured on his home.

14. Instead of paying the policy claim owed, Defendants wrongfully and in bad faith withheld benefits due to Evans under the policy and failed to provide coverage or benefits for the claims which arose in connection with the subject fire. Defendants, acting collectively, have

unreasonably delayed and refused to provide coverage or benefits under the policy, and knowing the Evans are financially and emotionally distressed by reason of a refusal of the Evans to provide coverage and to pay benefits due under the policy of insurance in place at the time of the fire.

15. Defendants lack any legitimate and/or arguable basis to support their refusal to pay the benefits owed plaintiff.

16. Defendants acted in bad faith by failing to timely investigate and adjust the Evans' claims following the loss of their home to a fire, purposefully delaying its investigation and unreasonably denying the Evans' claims.

17. Defendants refusal to honor their obligations to the plaintiffs without a legitimate or arguable reason constitutes bad faith and entitles plaintiff to an action at law against defendants.

18. Defendants refused to pay benefits on the Evans' claims due under the Homeowner's Policy, forcing the Evans to hire legal counsel to protect their rights and initiate litigation to recover coverage and benefits. By refusing to explain the Evans' rights under each separate claim, timely investigate each separate claim, and pay each separate claim, the Defendants has acted fraudulently, maliciously, oppressively and outrageously towards the Evans with conscious disregards for their rights. These actions taken by the Defendants were purposeful and deliberately undertaken with malice and vindictiveness on the part of the Defendants, all of which have caused the Evans to suffered embarrassment, humiliation, and mental and emotional distress.

19. Further, Defendants' actions in refusing to pay benefits owed the Evans were malicious and/or grossly negligent and/or committed with reckless disregard for the rights of an insured.

NEGLIGENCE AND GROSS NEGLIGENCE - ALL DEFENDANTS

20. The Evans incorporate by reference herein the allegations set forth in paragraphs above.

21. The actions and inactions of the Defendants, as described alone, constitute negligence, entitling the Evans to all consequential and special damages allowable under law, and further constitute such gross and reckless negligence so as to constitute malice or reckless disregard for the Evans's rights, thereby entitling the Evans to heightened damages, including attorneys fees~ interest and punitive damages.

## BREACH OF CONTRACT

22. The Evans incorporate by reference herein the allegations set forth in paragraphs above.

23. The actions and inactions of Defendants, as described above, constitute a breach of contract.

24. Evans are entitled to all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorneys fees, interest and punitive damages.

## V. DAMAGES

25. The Plaintiff re-alleges and incorporates herein by reference the averments contained in paragraphs 1 through 19 above.

26. As a result of defendants' bad faith denial of the insurance benefits to which plaintiff is entitled, plaintiff hereby demands an award of all damages referenced above and to which they are entitled under the law, including full payment of all benefits owed pursuant to the insurance policy, attorneys' fees, costs and other consequential damages, as well as damages for the anxiety and emotional distress caused by defendants bad faith denial.

27. Plaintiff hereby demands punitive damages.

WHEREFORE, Plaintiff demands judgment of and from the defendants in his favor, and that said judgment be inclusive of all benefits to which plaintiff is entitled, attorneys' fees, litigation costs and other consequential damages, and punitive damages.

Respectfully submitted, this the ____ day of November, 2017.

Jeffrey Evans and Heather Evans
Plaintiffs

*/s/ Donald W. Medley*
Donald W. Medley
Attorney for the Plaintiffs

Jeffrey G. Pierce
MS Bar #99645
Donald W. Medley
MS Bar #2832
don@medleylawgroup.com
MEDLEY LAW GROUP
902 West Pine Street
Hattiesburg, MS 39401
Tel:  601-544-8110
Fax:  601-544-8158