## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY EVANS and HEATHER EVANS** | **PLAINTIFFS** |
| **v.** | **Civil No. 1:17cv359-HSO-JCG** |
| **NORTH LIGHT SPECIALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and JOHN DOES 1-9** | **DEFENDANTS** |

## ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION [3] TO DISMISS

BEFORE THE COURT is the Motion [3] to Dismiss filed by Defendant Allstate Insurance Company ("Allstate"). In this case, Plaintiffs allege that they filed an insurance claim after suffering a fire in their home, but that Defendants delayed the investigation into their claim and wrongfully withheld insurance benefits. Allstate moves to dismiss the claims against it, contending that the Complaint contains no factual allegations specifically directed at Allstate. Based upon its review of the record and relevant legal authority, the Court finds that Allstate's Motion [3] should be granted and Allstate should be dismissed without prejudice from this action.

## I. BACKGROUND

### A.  Plaintiffs' Complaint

On November 30, 2017, Plaintiffs filed a Complaint in the Circuit Court of Jackson County, Mississippi, against Defendants North Light Specialty Insurance

Company ("North Light"), Allstate, and Wilbur Jordan. Compl. [1-2]. The Complaint alleges that Plaintiff Jeffrey Evans had a homeowner's insurance policy with North Light insuring his home in Moss Point, Mississippi. *Id.* at 2. The home allegedly suffered a fire loss on May 11, 2015. *Id.* Plaintiffs assert that they submitted an insurance claim against "the Defendant" seeking the policy limits, which prompted an investigation, *id.* at 2-3, and that "Defendants" delayed any decision arising from the investigation, *id.* Plaintiffs allegedly "demanded an answer from the defendants by letter dated April 3, 2017." *Id.* at 3. According to the Complaint, "[a]fter that letter [was] sent to the Defendants North Light and Allstate, Evans received a letter dated December 22, 2016, that was not received by him until after his letter of April 3, 2017." *Id.* The Complaint advances claims for bad faith, negligence, gross negligence, and breach of contract, *id.* at 3-5, and asserts that "Defendants wrongfully and in bad faith withheld benefits due to Evans under the policy," *id.*

On December 29, 2017, Allstate and North Light removed the case to this Court on the basis of diversity jurisdiction. Not. [1] of Removal. In an Order [16] entered on April 26, 2018, the Court dismissed Defendant Jordan from the case, on grounds that Plaintiffs had fraudulently joined him to defeat diversity.

B.    Allstate's Motion [3] to Dismiss

Allstate seeks dismissal on grounds that the Complaint fails to state a claim against it. Mot. [3]. Noting that the Complaint alleges that an insurance policy was issued by North Light, Allstate contends that only North Light could be liable

to Plaintiffs. Def.'s Mem. [4] at 3. Allstate further argues that this Court should disregard Plaintiffs' allegations directed collectively to all Defendants, *id.* at 4, and that the Complaint fails to allege a single act on the part of Allstate giving rise to a cause of action, *id.* at 5. Plaintiffs have not responded to Allstate's Motion to Dismiss and the time for doing so has passed, nor have Plaintiffs sought leave to amend their pleadings.

## II. <u>DISCUSSION</u>

A.    <u>Legal Standard</u>

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted).

B.    <u>Analysis</u>

The Complaint does not set forth a plausible claim for relief against Allstate. The Complaint alleges that Evans held an insurance policy issued by North Light, but it never alleges that Evans was insured by Allstate. Other than identifying Allstate as an insurance company, the only allegation directed specifically at

Allstate is that Plaintiffs sent a letter to "Defendants North Light and Allstate," demanding an answer regarding Plaintiffs' insurance claim. Compl. [1-2] at 3. The Complaint then asserts that Evans received a letter in response, but does not identify who sent this response. *Id.* As the Complaint further fails to allege how Allstate is connected, if at all, to any of the other parties, the fire, or the subsequent investigation, the Court cannot reasonably infer that Allstate is liable to Plaintiffs. Though the Complaint claims that the "actions and inactions of the Defendants . . . constitute negligence" and "constitute a breach of contract," Compl. [1-2] at 5, such legal conclusions are not entitled to an assumption of truth and are insufficient to survive a Rule 12(b)(6) challenge, *see, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiffs' allegations against Defendants lumped collectively are likewise insufficient to state a claim against Allstate. Plaintiffs maintain that they made a claim "against the Defendant," "Defendants delayed any decision," and "Defendants refused to pay benefits on the Evans' claims due under the Homeowner's Policy." Compl. [1-2] at 2-4. Similarly, the Complaint advances all of its causes of action against "Defendants." *Id.* at 3-5. This is known as a "shotgun pleading," "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Copeland v. Axion*

*Mortg. Grp. LLC*, No. 1:16CV159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016); *see also Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.").   In sum, the Complaint does not contain sufficient factual matter, accepted as true, to state a plausible claim for relief against Allstate.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Allstate Insurance Company's Motion [3] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Allstate Insurance Company is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE